Pamela L. Kingsley (SBN 004226)

**TB TIFFANY & BOSCO**
P.A.

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-9239
TELEPHONE: (602) 255-6015
FACSIMILE:  (602) 255-0103
EMAIL: plk@tblaw.com

*Attorneys for Plaintiff Alexander Meyer*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Alexander Meyer,<br><br>          Plaintiff,<br><br>     v.<br><br>Forgotten Rarities LLC, an Arizona limited liability company; Robert Joseph Termini, Jr., and Brookelynn Ashlie Ralston,<br><br>          Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**INTRODUCTION**

This is an action for violations of the Fair Labor Standards Act ("the FLSA"), 29 U.S.C. § 201, *et seq.,* and Arizona's wage statutes, Ariz. Rev. Stat. § 23-350, *et seq.,* including the Fair Wages and Healthy Family Act, A.R.S. §§ 23-364 & 23-371, *et seq.* ("the FWHFA"). Plaintiff Alexander Meyer ("Meyer"), by and through his attorneys, Tiffany & Bosco, P.A., bring this action against Defendants Forgotten Rarities LLC ("Forgotten Rarities"), Robert Joseph Termini, Jr. ("Termini "), and Brookelynn Ashlie Ralston ("Ralston"). Forgotten Rarities, Termini, and Ralston engaged in unlawful employment practices with respect to those statutes by unlawfully failing to classify Meyer as an employee pursuant to the requirements of the FLSA and the Arizona Wage Statutes, failing

1

and refusing to pay overtime compensation in violation thereof, and failing and refusing to provide earned paid sick time benefits under the FWHFA.

## PARTIES AND JURISDICTION

1. Defendants operate a mineral and gems business in Glendale, Arizona, through a legal fiction known as Forgotten Rarities.

2. Meyer was employed by Defendants in Maricopa County, Arizona from sometime during March 2019 to sometime during May 2020, on or about May 19, 2020.

3. Meyer was an employee of Defendants within the meaning of 29 U.S.C. § 203(e)(1) and A.R.S. §§ 23-362(A) & 371(F).

4. Meyer is currently a resident of Johnston, Iowa.

5. Termini exercised managerial control over Meyer by hiring him, determining the rate and method of Meyer's compensation and his schedule, and maintaining employment records. Termini is an "employer" as that term is defined in 29 U.S.C. § 302(d) and A.R.S. §§ 23-362(B) & 371(G).

6. Ralston exercised managerial control over Plaintiff by hiring him, determining the rate and method of Meyer's compensation and his schedule, and maintaining employment records. Ralston is an "employer" as that term is defined in 29 U.S.C. § 302(d) and A.R.S. §§ 23-362(B) & 371(G).

7. Forgotten Rarities is an Arizona limited liability company and maintains its headquarters at 5744 N. 43rd Ln., Glendale, AZ 85301.

8. At all relevant times, Forgotten Rarities, which operates a mineral and gems business, was doing business in Arizona.

9. Forgotten Rarities exercised managerial control over Meyer by determining the rate and method of Meyer's compensation and maintaining existing employment records. Forgotten Rarities is an "employer" as defined in 29 U.S.C. § 203(d) and A.R.S. §§ 23-362(B) & 371(G).

10. Upon information and belief, there is such a unity of interest between Termini and Forgotten Rarities that the individuality or the separateness of the two has ceased to exist.

11. Upon information and belief, there is such a unity of interest between Ralston and Forgotten Rarities that the individuality or the separateness of the two has ceased to exist.

12. Further, at all relevant times hereto, Defendants have been an enterprise within the meaning of 29 U.S.C. § 203(r).

13. Termini and Forgotten Rarities acted in direct interest of one another during Meyer's employment and were not completely disassociated with respect to Meyer's employment and control over Meyer. Hence, Defendants were "joint employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2(b), and A.R.S. § 23-362(B).

14. Ralston and Forgotten Rarities acted in direct interest of one another during Meyer's employment and were not completely disassociated with respect to Meyer's employment and control over Meyer. Hence, Defendants were "joint employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2(b), and A.R.S. § 23-362(B).

15. At all relevant times, Meyer, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

16. Defendants are engaged in commerce or in the production of goods for commerce and/or they handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and, upon information and belief, the enterprise's annual gross value of sales or business done exceeds $500,000. Hence, Defendants are engaged in commerce within the meaning of 29 U.S.C. § 203(s).

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, et seq. because this action arises under the Constitution and laws of the United States.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

**FACTUAL ALLEGATIONS**

19. Prior to moving from Indiana to Arizona, commencing in January 2019, Meyer performed work for Defendants performing online data entry work.

20. During that period, Termini represented to Meyer that if he would move to Arizona, he could assume a high managerial position, and be compensated accordingly.

21. Upon information and belief, Ralston knew of and approved the representations.

22. Based on the intentional or false representations made by Defendants as to the opportunities Meyer would have for management with Forgotten Rarities, Meyer moved to Arizona from Indiana in early March 2019, and immediately began working for Defendants as an employee of Forgotten Rarities.

23. Meyer was to be employed by Forgotten Rarities to act in a managerial role in the areas of inventory management, sales, packaging, training new employees, photography and branding, customer service, and advertising.

24. For these services, Defendants agreed to pay Meyer $15.00 an hour.

25. Defendants also employed Meyer to continue performing online data entry work for Forgotten Rarities for $200 to $300 a week. The pay for data entry work was represented and understood as being additional compensation, not part of the $15 per hour offered by Defendants.

26. After approximately six months, Defendants began adding small amounts for "commissions" earned on Meyer's sales to customers of Forgotten Rarities. The

commissions were represented and understood as being additional compensation, not part of the $15 per hour offered by Defendants.

27. Not long after Meyer arrived in early March 2019 through March 29, 2020, during a time when Forgotten Rarities had over a million dollars in sales, Meyer worked more than forty (40) hours during a work week.

28. Thereafter, with some exceptions, Meyer worked at least forty-five (45) hours a week, forty-eight (48) hours a week, and in February and March 2020, fifty-six (56) hours a week.

29. Specifically for the purpose of this complaint, Meyer alleges that during the seven-day week beginning either March 16, 2020, through March 22, 2020, or March 23, 2020, through March 29, 2020, or both, Meyer worked at least fifty-six (56) hours and was paid only straight time and nothing for overtime, even though Meyer had told Forgotten Rarities, and in particular Termini, multiple times that Meyer should be paid overtime and not only straight time compensation.

30. Although Meyer received straight time compensation based on the $15 per hour, Meyer was not paid as an employee, which he was, and he was not paid overtime compensation, to which he was entitled.

31. Defendants engaged in the regular policy and practice of subjecting Meyer to their policy and practice of failing and/or refusing to pay them one and one-half times his regular rates of pay for all time he worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a).

32. Meyer was an employee of Defendants. Meyer maintained an ongoing employment relationship with Defendants. Meyer exercised no personal discretion over his compensation, duties, or schedule. Furthermore, Meyer received his instructions regarding tasks from Defendants.

33. Defendants failed to report the required paid sick time information on Meyer's regular paychecks as required by A.R.S. §23-375 (C) and A.A.C. § R20-5-1210 (A)(1) &

(B)(13-16).  Additionally, Defendants failed to maintain proper payroll records showing the hours Meyer worked in conjunction with his accrued paid sick time.

34. Failure to maintain proper payroll records creates a rebuttable presumption that Defendants did not pay the required earned paid sick time pursuant to A.R.S. §23-364 (D).  As a result, Meyer is entitled to recover the balance of paid sick time owed, including interest thereon, and an additional amount equal to twice the amount owed pursuant to A.R.S. §23-364 (G).

35. Defendants failed to post notice in the workplace of Meyer's rights and to provide Meyer with a written notice of his rights under the FWHFA in violation of A.R.S. §§ 23-364(D) and 375(A).  As a result, Defendants are subject to a civil penalty of at least $250 for their first violation and at least $1,000 for each subsequent and willful violation of the record keeping requirements pursuant to A.R.S §§ 23-364(F) and 375(E).

36. On one day in September 2019, when he was out with a torn hamstring, Meyer was entitled to receive paid sick time, but was not paid it because he had not been advised of his rights.  At the end of March 2020, Defendants informed Meyer not to come to work because of COVID-19.  By then, under the law, he had accrued twenty-four (24) hours of unpaid sick time, but was not paid it.

37. Defendants paid Meyer with no deductions withheld.

38. Upon information and belief, Defendants are sophisticated business owners. Therefore, Defendants knew or reasonably should have known they were required to pay Plaintiff in accordance with the FLSA provisions.  Thus, Defendants' refusal to comply with the FLSA was willful.

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (FAILURE TO PAY FEDERAL OVERTIME WAGES)

39. Meyer realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

6

40. The FLSA prohibits employers from employing their employees for a workweek longer than forty (40) hours unless the employee receives compensation at not less than one and one-half times the regular rate at which he or she is employed.  29 U.S.C. § 207(a).

41. At all times hereinafter mentioned, Meyer was an employee who was engaged in commerce as provided by 29 U.S.C. § 207.

42. Defendants have violated 29 U.S.C. §§ 207 and 215(a)(2) by employing Meyer in an enterprise engaged in commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating him for those additional hours at a rate one and one-half times the regular rate for which he was employed.

43. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Meyer the proper amount of overtime compensation.  29 U.S.C. § 255(a).

44. Upon information and belief, Defendants are sophisticated parties and employers and therefore knew – or should have known – their pay policies violated the FLSA.

45. The decisions and practices by Defendants to not pay the proper amount of overtime for all hours worked were neither reasonable nor made in good faith.

46. Accordingly, Meyer is entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA such that he will have been compensated in an amount equal to one-and-a-half times his regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### COUNT II:  VIOLATION OF THE ARIZONA FAIR WAGES AND HEALTHY FAMILIES ACT (FAILURE TO GIVE PAID SICK TIME AND NOTICE OF RIGHTS)

47. Meyer realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

48. The FWHFA requires that employees shall accrue at least one (1) hour of earned paid sick time for every thirty (30) hours worked. A.R.S. § 23-372(B).

49. Under the FWHFA, employers must give employees written notice of employees' entitlement to paid sick time and their rights guaranteed under the FWHFA on the employee's commencement of employment. A.R.S. § 23-375(A).

50. Meyer was employed by Defendants during the relevant time period and was a covered employee entitled to the protections of A.R.S. §§ 23-372, 373-374(A), and 375. Defendants have violated A.R.S. § 23-372(A) by failing to maintain a paid sick time policy where Meyer could accrue paid sick time.

51. Defendants have violated A.R.S. § 23-375(A) by failing to provide Meyer with written notice of his rights under the FWHFA at the time of Meyer's employment.

52. The Industrial Commission of Arizona requires employers to pay employees for "all hours worked." A.R.S. § 23-362; A.A.C. § R20-5-1206. By implication, Plaintiff must accumulate paid sick time at a rate equivalent to "all hours worked."

53. At all times relevant to the Complaint, Defendants have been an employer within the meaning of A.R.S. §§ 23-362(B) and 371(G).

54. At all times hereinafter mentioned, Meyer was an employee within the meaning of A.R.S. §§ 23-362(A) and 371(F).

55. Meyer is entitled to recover the balance of the earned paid sick time owed, including interest thereon, and an additional amount equal to twice that amount owed pursuant to A.R.S § 23-364(G).

56. Meyer suffered damages as a result of Defendants' illegal pay practices.

57. Defendants have violated A.R.S. § 23-375 (C) by employing Meyer in the state of Arizona and issuing paychecks without reporting the required information on them.

58. To the extent that Defendants failed to maintain proper payroll records showing Meyer's hours worked and earned paid sick time, there is a rebuttable presumption that Defendants did not pay the required earned paid sick time. A.R.S. § 23-364(D).

59. Defendants are subject to a civil penalty of at least $250 for their first violation and at least $1,000 for each subsequent and willful violation of the record keeping requirements pursuant to A.R.S §§ 23-364(F) and 375(E).

60. Defendants willfully violated applicable Arizona law, and hence, a three-year statute of limitations applies to the commencement of this action. A.R.S. § 23-364(H).

## COUNT III:  VIOLATION OF THE ARIZONA WAGE ACT (FAILURE TO MAKE TIMELY OVERTIME WAGE PAYMENTS)

61. Meyer realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

62. Defendants' refusal to pay Meyer overtime pay resulted in a violation of A.R.S. § 23-351 (C).

63. Under the statute, employers are required to pay all overtime wages owed within sixteen (16) days after the end of the pay period.  Currently, Meyer has not been appropriately compensated for their overtime hours.

64. Meyer is an "employee" and Defendants are "employers" within the meaning of A.R.S. § 23-350.

65. Meyer is entitled to bring an action against Defendants to recover unpaid wages under A.R.S. § 23-355.

66. Meyer is entitled to recover treble the amount of unpaid wages under A.R.S § 23-355(A).

## RELIEF SOUGHT

67. Meyer respectfully prays for judgment against Defendants as follows:
   a. An award of damages in the amount of unpaid overtime pay against Defendants in an amount appropriate to proof adduced at trial pursuant to 29 U.S.C. §§ 207 and 216(b) for their having failed to pay proper overtime wages;

9

|   |   |   |
|---|---|---|
| b. | | An award of liquidated damages in an amount appropriate to the proof adduced at trial pursuant to 29 U.S.C. § 216(b); |
| c. | | An award to pay Meyer's reasonable attorney fees and costs and expenses (not only statutory) against Defendants pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(G); |
| d. | | An award of statutory penalties against Defendants of at least $250 for Defendants' first violation of A.R.S. § 23-364(C) and at least $1,000 for each subsequent and willful violation; |
| e. | | An award against Defendants for the unpaid sick time owed to Meyer, interest thereon, and an additional amount equal to twice the amount owed, and other damages allowed by law; |
| f. | | An award to pay Plaintiff's unpaid wages and an additional amount equal to twice the unpaid wages, pursuant to A.R.S. § 23-355(A); |
| g. | | An award directing all Defendants to pay the total amount due to Meyer plus interest on any continuing amounts owed until paid in full; |
| h. | | In the event that Defendants fail to timely satisfy any judgment for Meyer, an amount which is treble the amount of the outstanding judgment, with interest thereon, in accordance with A.R.S. § 23-360; |
| i. | | A declaratory judgment pursuant to the Uniform Declaratory Judgments Act, A.R.S. § 12-1831, et seq., that Defendants have violated Plaintiff's rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein; and |
| j. | | For an Order granting such other and further relief as may be necessary and appropriate. |

4PM503809.DOCX

## DEMAND FOR JURY TRIAL

Meyer hereby requests that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this 17th day of June, 2021.

**TB TIFFANY & BOSCO**
P.A.

By: /s/ *Pamela L. Kingsley*
Pamela L. Kingsley
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-9239
***Attorneys for Plaintiff Alexander Meyer***

4PM503809.DOCX